**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Northwestern Business College, Inc., | ) | Case No. 24-12599 |
| | ) | |
| Debtor. | ) | Hon. Michael B. Slade |

TO:   See attached list

PLEASE TAKE NOTICE that on **April 28, 2025 at 9:30 a.m.**, I will appear before the Honorable Michael B. Slade, or any judge sitting in his place, **either** in Courtroom 642 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, **or** electronically as described below, and present the **TRUSTEE'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING TRUSTEE TO DESTROY BOOKS AND RECORDS, ABANDON REMAINING PERSONAL PROPERTY, SHORTENING AND LIMITING NOTICE AND GRANTING RELATED RELIEF**, a copy of which is attached.

**Important:** Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.

**To appear by Zoom using the internet,** go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is **160 817 7512** and the passcode is **623389**. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

|  |  |
|---|---|
| Dated: April 9, 2025 | Respectfully submitted, |
|  | Ira Bodenstein, not individually, but solely in his capacity as chapter 7 trustee for the bankruptcy estate of Northwestern Business College, Inc. |
|  | By:  /s/ David R. Doyle  
       One of his attorneys |

David R. Doyle
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 382-3100

2

## CERTIFICATE OF SERVICE

      David R. Doyle, an attorney, certifies that he caused to be served a true copy of the above and foregoing **NOTICE OF MOTION** and **TRUSTEE'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING TRUSTEE TO DESTROY BOOKS AND RECORDS, ABANDON REMAINING PERSONAL PROPERTY, SHORTENING AND LIMITING NOTICE AND GRANTING RELATED RELIEF**, upon the attached Service List in the manner indicated on April 9, 2025.

                                                                                   */s/ David R. Doyle*

## Mailing Information for Case No. 24-12599

**Electronic Mail Notice List**

- **Paul M. Bach**   paul@bachoffices.com, pnbach@bachoffices.com;bachecf@gmail.com;bach.paulm.b122358@notify.bestcase.com
- **Ira Bodenstein**   iratrustee@cozen.com, IL29@ecfcbis.com
- **Adam Brief**   Ustpregion11.es.ecf@usdoj.gov
- **Erich S Buck**   ebuck@ag-ltd.com, srodela@ag-ltd.com;kruvalcaba@ag-ltd.com
- **Jillian S Cole**   jcole@taftlaw.com, wserritella@taftlaw.com,chi_docket_assist@taftlaw.com,lsterling@taftlaw.com
- **David R Doyle**   daviddoyle@cozen.com, david-doyle-7943@ecf.pacerpro.com

**U.S. Mail (and email where address indicated)**

Assistant Attorney General – Consumer Fraud Bureau
Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
Attn: Daniel Roth
Daniel.Roth@ilag.gov

William J Serritella
Taft Stettinius & Hollister LLP
111 East Wacker Drive
Ste 2600
Chicago, IL 60601

Reliance Platinum LLC d/b/a Mynt Advance
c/o James H. Dygert
Lieberman and Klestzick, LLP
1855 Griffin Road
DCOTA-Suite A-350
Ft. Lauderdale, FL 33004
jdygert@landklegal.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Northwestern Business College, Inc., | ) | Case No. 24-12599 |
| | ) | |
| Debtor. | ) | Hon. Michael B. Slade |

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING TRUSTEE TO DESTROY BOOKS AND RECORDS, ABANDON REMAINING PERSONAL PROPERTY, SHORTENING AND LIMITING NOTICE AND GRANTING RELATED RELIEF**

Ira Bodenstein, not individually, but in his capacity as the chapter 7 trustee (the "Trustee") of the estate (the "Estate") of Northwestern Business College, Inc. (the "Debtor"), pursuant to 11 U.S.C. §§ 105(a), 363(b) and 554(a) and Fed. R. Bankr. P. 2002(a), 6004 and 6007, requests the entry of an order authorizing the Trustee to abandon all personal property, including without limitation all computer servers (the "Personal Property"), and destroy all books and records (collectively, the "Records"), located at 9400 S. Cicero Avenue, Oak Lawn, Illinois (the "Premises") and granting related relief. In support of the Motion, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

2.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

3.  On August 27, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "Bankruptcy Code"), thereby commencing this chapter 7 bankruptcy case (the "Case") and creating the Debtor's Estate.

4.      On the Petition Date, Ira Bodenstein was appointed chapter 7 Trustee of the Estate.

5.      Prior to the Petition Date, the Debtor operated as a for-profit educational institution offering degrees in radiologic technology, nursing, health information technology, medical assisting, and dental assisting, and operated out of a leased facility located at 9400 South Cicero Avenue, Oak Lawn, Illinois (the "Premises"). The Debtor ceased operations on or about July 6, 2024.

6.      On or about October 16, 2024, the Trustee entered into a stipulation with the landlord for the Premises (the "Landlord"). *See* [Dkt. No. 33] (the "Stipulation"). Under the Stipulation, the landlord agreed to permit the Trustee to continue to store equipment and other personal property (collectively, the "Personal Property"), including books and records (the "Records"), at the Premises while the Trustee conducted a sale process. *Id.*

7.      The Trustee further agreed in the Stipulation that any "personal property, equipment, and fixtures" that remained at the Premises after February 1, 2024 would be deemed abandoned to the Landlord. *Id.*

8.      On October 29, 2024, the Court entered an order approving the Stipulation. *See* [Dkt. No. 41].

9.      On or about January 9, 2025, pursuant to the Court's sale order [Dkt. No. 49], the Trustee conducted an auction sale of substantially all assets located at the Premises.

10.     After the sale, certain Personal Property remains at the Premises that could not be sold, including computer servers which the Trustee understands are irreparably damaged and not operational.

11. The Truste understands that there are a significant amount of Records remaining at the Premises, including approximately 150 boxes, 31 lateral drawers and various loose papers.

12. The Trustee believes the Records should be securely destroyed and has obtained an estimate from Paper Tiger Document Solutions (the "Document Vendor") to destroy the Records for approx. $1,805.

**RELIEF REQUESTED AND BASIS THEREFOR**

13. By this Motion, the Trustee requests entry of an order (i) authorizing him to retain the Document Vendor and destroy the Records at a cost to the Estate not to exceed $3,000; and (ii) abandoning all remaining Personal Property, including without limitation all computer servers, located at the Premises.

**I. The Court should authorize the Trustee to retain the Document Vendor and Destroy the Records.**

14. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

15. Under applicable case law, in this and other circuits, the use, sale, or lease of property of the estate, other than in the ordinary course of business, is authorized when "the transaction makes good business sense" and "preserves the priorities among creditors." *See e.g. United Retired Pilots Benefits Protection Assn. v. United Airlines, Inc. (In re UAL Corp.)*, 443 F.3d 565, 572 (7th Cir. 2006) ("the criteria for approval [under § 363(b)(1) is] whether the transaction makes good business sense and does not disturb creditors' rights"); *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) (sale under § 363 involves exercise of fiduciary duty and requires an "articulated business justification").

16. Destroying the Records is a sound exercise of the Trustee's business judgment. The Records are not necessary for the administration of the Estate and may contain sensitive, confidential or personally identifiable information, and securely disposing of the records will prevent their inadvertent disclosure to third parties.

17. Likewise, the Trustee's decision to retain the Document Vendor makes good business sense. The Document Vendor specializes in record disposal, and the Trustee believes that the estimated cost is reasonable. Accordingly, the Trustee respectfully submits that the proposed destruction of the Records and retention of the Document Vendor should be authorized pursuant to section 363 of the Bankruptcy Code.

**II. The Court should authorize the Trustee to abandon any remaining Personal Property.**

18. Section 554(a) of the Bankruptcy Code provides that, after notice and a hearing, "the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

19. Here, pursuant to the Stipulation, the Court has already authorized the Trustee to abandon all Personal Property to the Landlord not otherwise sold and that remains at the Premises. Nevertheless, and out of an abundance of caution, the Trustee requests that the Court enter an order authorizing the abandonment of the Personal Property pursuant to section 554(a) of the Bankruptcy Code. The Trustee has already offered for sale at auction sale all property located at the Premises. The Personal Property that remains at the Premises could not be sold at and thus is of no or inconsequential value to the Estate. Likewise, with respect to the computer servers, the Trustee understands that they have been damaged and cannot be operated. Accordingly, the Trustee respectfully submits that the Court should authorize the Trustee to

abandon the Personal Property, including the computer servers, to the Landlord pursuant to section 554(a) of the Bankruptcy Code.

## WAIVER OF STAY

20. The Trustee requests that the Court waive the stay provided by Rule 6004 of the Federal Rules of Bankruptcy Procedure given the Landlord's continued cooperation with the Trustee throughout this Case and the Landlord's interest in removing all Personal Property and Records from the Premises as quickly as possible.

## REQUEST FOR SHORTENED AND LIMITED NOTICE

21. As indicated in the Certificate of Service appended hereto, at least nineteen (19) days' notice of this Motion has been provided in accordance with Federal Rule of Bankruptcy Procedure 2002(a)(6) to (i) the Office of the United States Trustee; (ii) counsel for the Debtor; (iii) all creditors and parties in interest requesting notice in this case; and (iv) the Illinois Attorney General – Fraud Bureau. There are over 1000 parties identified on the Debtor's creditor matrix. Given the costs associated with service, the limited funds in the Estate, and the nature of the relief requested herein, the Trustee requests that Court approve the limited notice provided by the Trustee. Additionally, the Trustee submits that limited notice is appropriate in light of the Landlord's interest in regaining full access to the Premises as soon as possible.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests this Court enter an Order, substantially in the form attached hereto, that

(i) Authorizes the secure destruction of the Records;

(ii) Authorizes the abandonment of the Personal Property, including the computer servers;

(iii) Authorizes the Trustee to pay Paper Tiger Document Solutions up to $3,000 for the secure destruction of the Records; and

(iv) Grants such other and further relief as is just and equitable under the circumstances.

Dated: April 9, 2025

Respectfully submitted,

Ira Bodenstein, not individually, but solely in his capacity as chapter 7 trustee for the bankruptcy estate of Northwestern Business College, Inc.

By: /s/ David R. Doyle
One of his attorneys

David R. Doyle
Cozen O'Connor
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
P: (312) 474-1648
F: (312) 361-8378
daviddoyle@cozen.com